IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KRYSTAL MOSHOLDER, *et al.*, | CASE NO.    5:18CV1325 |
| Plaintiffs, | JUDGE SARA LIOI |
| vs. | |
| LOWE'S COMPANIES, INC., *et al.*, | **DEFENDANT LOWE'S HOME CENTERS, LLC'S MOTION TO DISMISS** |
| Defendants. | |

Defendant Lowe's Home Centers, LLC ("Lowe's"), improperly identified in the Complaint as "Lowe's Companies, Inc.", respectfully moves this Honorable Court to dismiss the entirety of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). A memorandum in support is attached hereto.

Respectfully submitted,

*/s/ Nicholas P. Resetar*
Bradley A. Wright (0047090)
bwright@ralaw.com
Nicholas P. Resetar (0086507)
nresetar@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577
**ATTORNEYS FOR DEFENDANT**
**LOWE'S HOME CENTERS, LLC**

12721256 _1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KRYSTAL MOSHOLDER, *et al.*, | CASE NO.    5:18CV1325 |
| Plaintiffs, | JUDGE SARA LIOI |
| vs. | |
| LOWE'S COMPANIES, INC., *et al.*, | **MEMORANDUM IN SUPPORT OF** |
| Defendants. | **DEFENDANT LOWE'S HOME** |
| | **CENTERS, LLC'S MOTION TO** |
| | **DISMISS** |

## I.    INTRODUCTION

Armed with nothing but legal conclusions, Plaintiffs Krystal Mosholder ("Krystal") and Daniel Mosholder ("Daniel") claim that Lowe's is liable for an incident in which Krystal was allegedly bitten by a dog at a Lowe's retail store. However, a cursory review of the Complaint reveals no factual allegations that create a plausible nexus to reach these legal conclusions. Moreover, even if Plaintiffs' legal conclusions are accepted as fact, the Complaint nevertheless fails to state a claim upon which relief can be granted. That is the inescapable conclusion because there is nothing in the Complaint that demonstrates Lowe's owned, kept, or harbored any dog on its retail premises, or that Lowe's has prior knowledge of any vicious dog present on its retail premises. The Complaint is barren of any factual allegation that would permit one to reach such a far-fetched conclusion. As such, Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## II.    FACTS AS ALLEGED IN THE COMPLAINT

On March 22, 2018, Krystal was shopping at a Lowe's retail store in Brimfield Township, Ohio (the "Store"). *See* Compl. at ¶5. While in the Store, an unknown woman and her

12721256 _1

dog were also present near Krystal, at which point Krystal was bitten. *Id*. at ¶7. According to the Complaint, the dog was owned, kept, and harbored by unknown John or Jane Does. *Id*. at ¶8.

Krystal has set forth that Lowe's "allowed dogs to be present and/or harbored at said location on the day in question with knowledge of their dangerous and vicious propensity…" *Id*. at ¶9. The Complaint contains no factual allegations as to how: (1) Lowe's harbored dogs at the Store; or (2) the basis and what knowledge, if any, Lowe's had regarding the dangerous and vicious propensity of this unknown dog.

### III. LOWE'S CANNOT BE HELD STRICTLY LIABLE UNDER R.C. §955.28(B) AS LOWE'S DID NOT OWN, KEEP, OR HARBOR ANY ANIMAL AT THE STORE

In order to be found strictly liable under R.C. §955.58(B), Plaintiffs are required to set forth actual allegations, plausible on their face, to draw a reasonable inference that: (1) Lowe's owned, kept, or harbored the dog that bit Krystal; (2) the dog's bite proximately caused damage; and (3) the monetary amount of damages. *See Flint v. Holbrook*, 80 Ohio App.3d 21, 25, 608 N.E.2d 809 (2nd Dist. 1992); *Brown v. FMW RRI NC, LLC*, 2015 WL 5882955, *2 (Ohio App. 10th Dist. Oct. 8, 2015); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). In order to survive Lowe's Motion to Dismiss, Plaintiffs' "obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See In re Ohio Execution Protocol Litigation*, 2017 WL 3479589, *4 (S.D. Ohio Aug. 14, 2017), *quoting Twombly*, 550 U.S. at 570.

In that vein, Plaintiffs are required to set forth sufficient factual matter in the Complaint beyond a mere possibility that Lowe's owned, kept, or harbored the dog in question. *See Iqbal*, 556 U.S. at 678. A dog's owner "is the person to whom the dog belongs and the 'keeper' is the one having physical charge or care of the dogs." *See Croley v. Moon*, 118 Ohio Misc.2d 151, 155

(2001), *quoting Garrard v. McComas*, 5 Ohio App.3d 179, 182, 450 N.E.2d 730 (10th Dist. 1982). The Complaint does not allege that Lowe's owned or kept the dog. *See* Compl. at ¶8. However, the Complaint, without any factual detail, alleges that Lowe's "harbored" the dog that bit Krystal. *Id*. at ¶9. As a matter of law, Lowe's did not harbor this dog, or any dog for that matter.

"In determining whether a person is a 'harborer' of a dog, however, the focus shifts from possession and control over the dog to possession and control of the premises where the dog lives." *See Croley*, 118 Ohio Misc.2d at 155, *quoting Godsey v. Franz*, 1992 WL 48532 (Ohio App. 6th Dist. Mar. 13, 1992). The word "lives" is paramount as "[l]iability as a ***harborer*** … is established if the owner of the premises knowingly permits the dog to ***live*** and make its home on such defendant's premises." *See Croley*, 118 Ohio Misc.2d at 155 (***emphasis*** original), *quoting Godsey*, 1992 WL 48532 at *3 (citations omitted). In other words, "liability as a harborer is established if the owner of the premises knowingly permitted the dog to live and make its home on his land." *See Brown*,  2015 WL 5882955 at *3, *quoting Hilty v. Topaz*, 2004 WL 2035324, *3 (Ohio App. 10th Dist. Aug. 26, 2004). "Nothing is to be read into the statute that is not encompassed by the clear language used." *See Croley*, 118 Ohio Misc.2d at 155, *quoting Khamis v. Everson*, 88 Ohio App.3d 220, 224, 623 N.E.2d 809 (2nd Dist. 1993).

In this regard, the Complaint has no operative facts which would make it plausible that the dog in question ***lived*** at the Store. The Court does not have to accept as true, Plaintiffs' legal conclusion that Lowe's "harbored" dog. *See generally Iqbal*, 556 U.S. at 678 (2009); *Twombly*, 550 U.S. at 570. Because Plaintiffs have failed to plead any facts that the dog lived on Lowe's premises, Plaintiffs have failed to state a claim under R.C. §955.58(B). As such, Lowe's Motion to Dismiss should be granted.

4

#### IV.    LOWE'S CANNOT BE HELD LIABLE UNDER THE COMMON LAW AS LOWE'S DID NOT OWN, KEEP, OR HARBOR ANY ANIMAL AT THE STORE, NOR DID LOWE'S HAVE ANY KNOWLEDGE OF VICIOUS PROPENSITY

Under Ohio's common law, Plaintiffs must plead facts which demonstrate: (1) Lowe's owned or harbored the dog; (2) the dog was vicious; (3) Lowe's knew the dog was vicious; and (4) Lowe's was negligent in keeping the dog. *See Flint*, 80 Ohio App.3d at 25-26, 608 N.E.2d 809. As Lowe's discussed *supra*, Lowe's cannot be liable as it did not own or harbor the dog. In addition, the Complaint is bereft of any factual support for the contention that the "dog was dangerous and/or vicious" and that "Defendants had knowledge of the said dog's danger and viciousness." *See* Compl. at ¶¶19-20. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Iqbal*, 556 U.S. at 678, *citing Twombly*, 550 U.S. at 555. Plaintiffs have not provided any factual basis as to how Lowe's would have known that this dog was vicious, to the extent it even was vicious. As such, Lowe's Motion to Dismiss should be granted.

#### V.    LOWE'S CANNOT BE LIABLE FOR SIMPLY PERMITTING THE DOG TO BE ON THE PREMISES

Plaintiffs contend that Lowe's was negligent in permitting the dog to be at the Store and failing to require proper restraints on the dog. First and foremost, permitting a dog to be on the business premises is not a breach of any duty, in and of itself. *See See Croley*, 118 Ohio Misc.2d 151). Under this umbrella logic, any business in the State of Ohio that permits a dog upon its premises will have already breached a duty to invitees. Not only is that theory impractical, it is incorrect. *See Smrtka v. Boote*, 88 N.E.3d 465, 471 (9th Dist. 2017). Second, to the extent a failure to restrain amounts to a breach of a duty, Plaintiffs have not alleged any facts to show that the dog was unrestrained at the time of the alleged bite, or that Lowe's was in a position to retrain or otherwise control the dog. As such, Lowe's Motion to Dismiss should be granted.

12721256 _1

## VI.    OHIO DOES NOT RECOGNIZE A CAUSE OF ACTION FOR "BAD FAITH" UNDER THESE CIRCUMSTANCES

Admittedly, Lowe's is somewhat perplexed as to the cause of action for "bad faith." In the spirit of judicial economy, Lowe's will not delve into Ohio's bad faith jurisprudence, but will only note that to the extent Lowe's is an insurer, Lowe's is under no duty to third-parties like Plaintiffs to settle any claim in good faith. *See Schneider v. Eady*, 2008 WL 5274876, *1 (Ohio App. 9th Dist. Dec. 22, 2008). Although it is immaterial to Lowe's Motion to Dismiss, out of fairness and understanding Krystal's health concerns, Lowe's does not presently know the identity of the dog's owner.[1] As such, Lowe's Motion to Dismiss should be granted.

## VII.    DANIEL'S LOSS OF CONSORTIUM FAILS AS A DERIVATIVE CLAIM

Should the Court enter judgment in favor of Lowe's against Krystal's claims, Daniel's claim for loss of consortium fails as a matter of law. *See Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 92-93, 585 N.E.2d 384, 392 (1992)("In so holding, we recognize that a claim for loss of consortium is derivative in that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury."). As such, if Lowe's did not commit a tort upon Krystal, Lowe's is entitled to judgment as a matter of law as to Daniel's claim for loss of consortium.

## VIII.    CONCLUSION

Based upon the foregoing, Lowe's respectfully requests that the Court grant its Motion to Dismiss.

---

[1] At the time this incident allegedly occurred, Krystal never reported the dog bite to anyone at the Store while she was shopping. It was only until hours later that Daniel phoned the Store and informed Lowe's what allegedly occurred. By that time, it was impossible to discover the identity of the dog's owner.

12721256 _1

Respectfully submitted,

/s/ Nicholas P. Resetar
Bradley A. Wright (0047090)
bwright@ralaw.com
Nicholas P. Resetar (0086507)
nresetar@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577

**ATTORNEYS FOR DEFENDANT
LOWE'S HOME CENTERS, LLC**

## PROOF OF SERVICE

I hereby certify that on this 28th day of June, 2018, the foregoing was served electronically by way of the Clerk's electronic filing system.

/s/ Nicholas P. Resetar
Bradley A. Wright
Nicholas P. Resetar

7

12721256 _1