UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KRYSTAL MOSHOLDER, et al., | ) | CASE NO. 5:18-CV-1325 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| LOWE'S COMPANIES, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion to dismiss filed by defendant Lowe's Home Centers, LLC[1] (Doc. No. 6 ["Mot."]). Plaintiffs filed their opposition (Doc. No. 9 ["Opp'n"]), and defendant filed a reply (Doc. No. 10 ["Reply"]). For the reasons discussed herein, defendant Lowe's Home Centers, LLC's motion to dismiss is granted in part and denied in part.

I.  BACKGROUND

On or about March 22, 2018, plaintiff Krystal Mosholder ("Krystal") was shopping in a store owned by defendant Lowe's Home Centers, LLC ("Lowe's"), located at 218 Nicholas Way, Kent, Ohio, 44240 ("the Store"). (Doc. No. 1, Complaint ["Compl."] ¶¶ 2, 5.) At that same time, defendant Jane Doe 1 ("Jane Doe 1") and her dog were also in the Store. (Compl. ¶ 7.) While in the Store at that time, Jane Doe 1's dog bit Krystal. (*Id.*) Krystal suffered two dog bites, had to visit the emergency room at Akron General Medical Center, and had to undergo a rabies treatment program, which included no fewer than sixteen shots over several weeks. (*Id.* ¶ 10.)

---
[1] Improperly identified in the complaint as "Lowe's Companies, Inc."

Krystal and her husband plaintiff Daniel Mosholder ("Daniel") filed this suit in the Portage County Court of Common Pleas against Lowe's, Jane Doe 1, and defendants Jane Does 2–10 ("Jane Does 2–10").[2] In the complaint, Krystal brought claims for: (1) strict liability pursuant to Ohio Rev. Code § 955.28(B) against all defendants, (2) negligence against all defendants, (3) premise liability against Lowe's and Jane Does 2–10, and (4) a bad faith claim against Lowe's; additionally, Daniel brought a loss of consortium claim against all defendants.[3]

Lowe's properly removed the case to this Court pursuant to 28 U.S.C. § 1441(b). Lowe's then filed its motion to dismiss plaintiffs' claims against Lowe's for failure to state a claim. The issue is now ripe for the Court's consideration.

## II.     STANDARD OF REVIEW

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the sufficiency of the complaint is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct.1955, 167 L. Ed. 2d 929 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true," to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).

---

[2] Jane Does 2–10 are described as "either . . . owners of the dog in question in this [c]omplaint and/or owners, lessors, lessees or otherwise operators of the real property at which [the Store] is located." (Compl. ¶ 4.)

[3] Plaintiffs caption a total of six claims in their complaint. However, the Court is unable to decipher what cognizable claim, if any, the plaintiffs attempt to allege in what plaintiffs have captioned as their "First Claim." (Compl. ¶¶ 5–13.) At best, plaintiffs' "First Claim" appears to be recitation of facts relevant to plaintiffs' claims that follow.

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2) (second alteration in original)). In such a case, the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [and the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 683.

A complaint need not set down in detail all the particulars of a plaintiff's claim. However, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79 (stating that this standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555); *see Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000) (finding courts should not accept conclusions of law or unwarranted inferences couched in the form of factual allegations). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations marks omitted), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001).

## III. DISCUSSION

In its motion to dismiss, Lowe's claims that all Krystal's alleged claims fail because she has failed to plead any facts that suggest Lowe's is liable for the dog bite that she suffered at the Store. Further, Lowe's claims that Daniel's derivative loss of consortium claim fails as a matter of law because all Krystal's claims against Lowe's fail.

### A. Krystal's Statutory and Common-law Claims Against Lowe's for the Dog Bite

In the complaint, Krystal alleges that Lowe's is liable for the dog bite she suffered on strict (statutory) liability grounds and on common-law grounds.[4] (Compl. ¶¶ 14–23.) Under Ohio law,[5] a person who is injured by a dog can bring both statutory and common-law actions for damages. *Flint v. Holbrook*, 608 N.E.2d 809, 812 (Ohio Ct. App. 1992) (citing *Warner v. Wolfe*, 199 N.E.2d 860, 862 (Ohio 1964)).

#### 1. Lowe's Strict Liability for the Dog Bite Under Ohio Rev. Code § 955.28(B)

Ohio Rev. Code § 955.28(B), imposes strict liability upon the "owner, keeper, or harborer" of a dog "for any injury, death, or loss to person or property that is caused by the dog[.]" In order to recover damages under Ohio Rev. Code § 955.28(B), a plaintiff must prove that (1) the defendant is an owner, a keeper, or a harborer of a dog, (2) the dog proximately caused the

---

[4] Plaintiffs caption the third claim in their complaint, "negligence." Plaintiffs then recite the elements for common law liability for dog bites under Ohio law, rather than ordinary negligence. (Compl. ¶¶ 18–23.) As such the Court evaluates this claim as a claim under Ohio's common law for a vicious dog bite.

[5] The Court applies Ohio choice of law rules because the case was brought in federal court in Ohio pursuant to diversity jurisdiction. *Charash v. Oberlin Coll.*, 14 F.3d 291, 296 (6th Cir. 1994) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941)). Further, Ohio choice of law rules direct the Court to apply Ohio tort law to the instant action. *See id.* at 296–99.

plaintiff's injuries, and (3) the monetary amount of damages. *Flint*, 608 N.E.2d at 812 (citing, among authority, *Hirschauer v. Davis*, 126 N.E.2d 337, 339–40 (Ohio 1955)).

"The 'owner' is the person to whom the dog[] belong[s] and the 'keeper' is the one having physical charge or care of the dog[]." *Garrard v. McComas*, 450 N.E.2d 730, 733 (Ohio Ct. App. 1982). "In determining whether a person is a 'harborer' of a dog, however, the focus shifts from possession and control over the dog to possession and control *of the premises* where the dog lives." *Godsey v. Franz*, No. 91WM000008, 1992 WL 48532, at *3 (Ohio Ct. App. Mar. 13, 1992). "'[L]iability as a harborer . . . is established if the owner of the premises knowingly permits the dog to *live* and make its home on such defendant's premises.'" *Id.* at *3 (alteration in original) (emphasis added) (quoting *Sengel v. Maddox*, 16 Ohio Supp. 137, 140 (Ohio Ct. App. 1945)); *see also Rucker v. Taylor*, No. 92CA-E-12-044, 1993 WL 289912, at *2 (Ohio Ct. App. 1993) (finding no statutory liability as a "harborer" when the dog was on the premises only temporarily). Nothing is to be read into the statute that is not encompassed by the clear language used. *Khamis v. Everson*, 623 N.E.2d 683, 685 (Ohio Ct. App. 1993).

Here, plaintiffs allege that Lowe's is liable under Ohio Rev. Code § 955.28(B) because Lowe's "allowed the dog[] to be present and/or harbored at [the Store] on the day in question with knowledge of [its] dangerous propensity," (Compl. ¶ 9), and "[a]s a direct and proximate result of being attacked by the said dog [Krystal] has sustained serious physical injuries[.]" (*Id.* ¶ 15.) But plaintiffs fail to plead any facts in their complaint that support an inference that Lowe's owned or harbored the dog responsible for biting Krystal. In fact, in their complaint, plaintiffs state that,

5

"[a]t all times material herein, said dog[ was] owned, kept and/or harbored by Jane Doe #1 and/or Does 2 through 10." (*Id.* ¶ 8.)

The dog's presence at the Store is not enough to make it plausible that Lowe's *harbored* the dog that bit Krystal. Plaintiffs' pleaded allegations suggest the dog was there only temporarily with its owner, Jane Doe 1. Further, the mere conclusory statement in paragraph nine—that Lowe's harbored the at-issue dog—with nothing more, does not pass muster under Rule 8. As such, plaintiffs' claims against Lowe's for strict liability under Ohio Rev. Code § 955.28(B) must be dismissed for failure to state a claim upon which relief can be granted.

**2. Lowe's Liability for the Dog Bite Under Ohio Common Law**

Under Ohio's common-law theory, a plaintiff must show: (1) that the defendant owned or harbored the offending dog, (2) that the dog was vicious, (3) that the defendant knew the dog was vicious, and (4) that the defendant was negligent in keeping the dog. *Flint*, 608 N.E.2d at 812. The focus at common law is whether the defendant knew the dog was vicious and kept the dog around anyway. "[T]he gist of the action for injury by a dog known by its owner to be vicious is generally said to be not negligence in the manner of keeping the dog, but for keeping it at all." *Id.* at 813 (quotation marks omitted).

Here, plaintiffs assert a common-law claim against Lowe's for the dog bite claiming that Lowe's "had knowledge of the said dog's danger and viciousness[,]" and was "negligent in keeping said dog and/or allowing the dog[] to remain at the premises where the incident happened and/or failing to remove the hazard." (Compl. ¶¶ 20–21.) However, as noted above, plaintiffs have failed to plead *any* facts to support an inference that Lowe's owned or harbored the dog that bit

Krystal. For this reason, plaintiffs' common-law claim against Lowe's for the dog is dismissed for failure to state a claim upon which relief can be granted.

### B. Krystal's Claim of Premise Liability Against Lowe's

Under Ohio law, to succeed on a negligence claim, a plaintiff must prove: (1) the existence of a duty, (2) breach of that duty, (3) an injury that was proximately caused by defendant's breach, and (4) damages. *Asad v. Continential Airlines, Inc.*, 328 F. Supp. 2d 772, 781 (N.D Ohio 2004) (applying Ohio law). The existence of a duty in a negligence action is a question of law for the Court to determine. *Id.* (citing *Mussivand v. David*, 544 N.E.2d 265, 270 (Ohio 1989)). A duty is a legal obligation for one person to act for the benefit of another person due to the relationship between them. *Dryer v. Flower Hosp.*, 383 F. Supp. 2d 934, 942 (N.D. Ohio 2005).

Under Ohio law, a plaintiff's status on a defendant's premises determines the scope of the legal duty owed (trespasser, licensee, social guest, or invitee). *Pelland v. Wal-Mart Stores, Inc.*, 282 F. Supp. 3d 1019, 1023 (N.D Ohio 2017) (citing *Shump v. First Cont'l-Robinwood Assocs.*, 644 N.E.2d 291, 294 (Ohio 1994)). Relevant here, a special relationship that gives rise to a duty under Ohio tort law is the relationship between a landowner and a business invitee. As defined by Ohio law, a business invitee is a person who is on the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner. *Light v. Ohio Univ.*, 502 N.E.2d 611, 613 (Ohio 1986). Here, the parties do not dispute that Krystal was a business invitee at the Store on the day of the incident. (Opp'n at 114; Reply at 121.) Therefore, the Court will analyze Krystal's negligence claim under business invitee caselaw.

Landowners owe business invitees on their premises a duty of "ordinary care." *Dryer*, 383 F. Supp. 2d at 942. "Ordinary care" means that a landowner is required to maintain its premises in a safe condition, eliminating any unreasonable risk of harm to visitors. *Id.* Under Ohio law, for a

7

business invitee to recover for an injury caused by a hazard on defendant's premises, the plaintiff must show: (1) that the defendant through its officers or employees was responsible for the hazard, (2) that at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly, (3) that such danger had existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to want of ordinary care. *Johnson v. Wagner Provision Co.*, 49 N.E.2d 925, 928 (Ohio 1943).

However, under Ohio law, "[r]egardless of an entrant's status, a landowner has no duty to warn her of 'open and obvious' dangers and is thus not liable for any injuries resulting from such dangers." *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 724–25 (6th Cir. 2012) (citing *Armstrong v. Best Buy Co.*, 788 N.E.2d 1088, 1089–90 (Ohio 2003)). "A danger is open and obvious if it is reasonably observable and thus would be seen by someone 'acting with ordinary care under the circumstances'; the plaintiff need not actually have seen it." *Id*.at 725 (citing *Hissong v. Miller*, 927 N.E.2d 1161, 1166 (Ohio Ct. App. 2010)). Further, "[i]n cases involving an open and obvious danger, '[i]t is only where it is shown that the owner had superior knowledge of the particular danger which caused the injury that liability attaches, because in such a case the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate.'" *Smrtka v. Boote*, 88 N.E.3d 465, 470 (Ohio Ct. App. 2017) (alternation in original). "The open and obvious doctrine is a complete bar to any negligence claim." *Id.* at 470 (citing *Armstrong*, 788 N.E.2d at 1090).

While district courts should be reluctant to dismiss complaints based on affirmative defenses at the pleading stage and before any discovery has been conducted, *Pfeil v. State St. Bank & Tr. Co.*, 671 F.3d 585, 599 (6th Cir. 2012) ("Courts generally cannot grant motions to dismiss

on the basis of an affirmative defense unless the plaintiff has anticipated the defense and explicitly addressed it in the pleadings."), the open and obvious danger doctrine is not an affirmative defense under Ohio law. *Hissong*, 927 N.E.2d at 1165 (citing *Armstrong*, 788 N.E.2d at 1090–91). Instead, the open and obvious danger doctrine concerns the threshold question of whether a duty exists. *Id.* At the threshold, a landowner owes no duty for open and obvious dangers on their land. *Id.*

However, "'[w]hether a danger is open-and-obvious requires an extremely fact-specific inquiry.'" *Stanfield v. Amvets Post No. 88*, No. 06CA35, 2007 WL 1174445, at *2 (Ohio Ct. App. Apr. 20, 2007) (quoting *Henry v. Dollar Gen. Store*, No. 2002-CV-47, 2003 WL 139773, at * 4 (Ohio Ct. App. Jan. 17, 2003)). "Consequently, comparing the facts of a given case with other cases is of limited value. *Henry*, 2003 WL 139773, at *3 (citing *Miller v. Beer Barrel Saloon*, No. 90-OT-050, 1991 WL 87098, at *2 (Ohio Ct. App. May 24, 2991) ("The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of a particular case.")).

Here, Krystal alleges that Lowe's is negligent on a premise liability basis because it (1) allowed the dog at issue to be present in the Store and (2) failed to require proper restraints upon the dog. (Compl. ¶ 30.) In response, Lowe's correctly points out that, under Ohio law, allowing dogs to be present on a commercial premise is not in and of itself a negligent action. *See Smrtka*, 88 N.E.3d at 469–71. But, Lowe's would have this Court believe that *Smrtka* dictates this case and thus the dog at issue *must* be considered an open and obvious danger. This is not so—*Smrtka* is easily distinguishable from the present case.

To begin, this Court notes that *Smrtka* was decided at the motion for summary judgment stage. This is important because the open and obvious danger doctrine is an extremely fact-specific inquiry. *See Stanfield*, 2007 WL 1174445, at *2; *Miller*, 1991 WL 87098, at *2. Further, in *Smrtka*,

9

the court found the dog was an open and obvious danger, in part, because the plaintiff admitted to having knowledge of the dog's presence in the defendant doctor's office on days prior to the day the dog bite occurred. *Smrtka*, 88 N.E.3d at 471. Further, the plaintiff admitted to seeing the dog on the day of the bite, having knowledge that all dogs react differently, and, nevertheless, approaching the dog willingly. *Id.* Also, there was no evidence that the defendant doctor had superior knowledge concerning the dog. *Id.*

Here, unlike *Smrtka*, there are no allegations that Krystal—despite being a purported "regular customer" (Compl. ¶ 6)—had any knowledge prior to day of the dog bite that this dog, or any dogs, were present in the Store. Further, Krystal does not allege in her complaint that she saw the dog on the day of the bite, before the bite occurred. Nor, does Krystal allege in her complaint that she ever approached the dog. As such, the present case is distinguishable from *Smrtka* on key facts that led that court to find the dog was an open and obvious danger.

Given this, the Court does not find it appropriate to dismiss Krystal's premise liability claim against Lowe's based on the open and obvious danger doctrine at this phase of the litigation.[6] Based on Krystal's allegations in her well-pleaded complaint that Lowe's allowed dogs in the Store and failed to require proper restraints, Lowe's motion to dismiss for failure to state a claim as it pertains to Krystal's premise liability claim is denied.

## C. Krystal's Claim of "Bad Faith" Against Lowe's

Lastly, Krystal brings a claim captioned "bad faith" against Lowe's. Under Ohio law, the relationship between an insurer and its insured creates a duty of the insurer to act in good faith in handling and paying claims of its insured. *Hoskins v. Aetna Life Ins. Co*, 452 N.E.2d 1315, 1316,

---

[6] To be sure, this Court did not find a single case applying Ohio law that applied the open and obvious danger doctrine to dismiss a premise liability cause of action by a motion to dismiss, instead of a motion for summary judgment. *Cf. Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1147 (Ohio 2002) (finding even though, generally, "the dangers associated with firearms are open and obvious," plaintiff had alleged sufficient facts to overcome a motion to dismiss).

syllabus (Ohio 1983). A breach of this duty gives rise to a tortious "bad faith" claim against the insurer. *Id.* However, Ohio law does not recognize a "bad faith" claim outside of the insurer–insured relationship. *See Gator Dev. Corp. v. VHH, Ltd.*, No. C-080193, 2009 WL 1027584, at *5 (Ohio Ct. App. Apr. 17, 2009) ("Ohio . . . does not recognize the bad-faith breach of a contract as a tort claim, outside the context of an insurance dispute."). To be sure, plaintiffs provide this Court with no case law suggesting otherwise.

Plaintiffs have failed to plead any facts suggesting that any insurer–insured relationship exists between Lowe's and the plaintiffs. As such, this Court finds that a "bad faith" claim is not an actionable cause in this controversy. Plaintiffs' claim for "bad faith" against Lowe's must be dismissed for failure to state a claim upon which relief can be granted.

### D. Daniel's Derivative Loss of Consortium Claim Against Lowe's

Under Ohio law, "loss of consortium claims are derivative actions which depend on the existence of a primary cause of action." *Loomis v. Medtronic, Inc.*, No. 1:04CV0499, 2005 WL 1828763, at *6 (N.D. Ohio Aug. 1, 2005) (citing *Gearing v. Nationwide Ins. Co.*, 665 N.E.2d 1115, 1120 (Ohio 1996)). Because Krystal's premise liability claim against Lowe's survives the motion to dismiss, Daniel's derivative loss of consortium claim against Lowe's also survives.

## IV. CONCLUSION

For the reasons set forth herein, Lowe's motion to dismiss is GRANTED as it pertains to Krystal's claims against Lowe's for strict liability, Ohio's common law liability; and bad faith. Lowe's motion to dismiss is DENIED as it pertains to Krystal's premise liability claim and Daniel's derivative loss of consortium claim.

**IT IS SO ORDERED**.

Dated: March 11, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**