# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KRYSTAL MOSHOLDER, et al., | CASE NO. 5:18-cv-1325 |
| PLAINTIFFS, | JUDGE SARA LIOI |
| vs. | |
| | **MEMORANDUM OPINION AND ORDER** |
| LOWE'S HOME CENTERS, LLC *originally named as* Lowe's Companies, Inc., | |
| DEFENDANT. | |

Before the Court is defendant Lowe's Home Centers, LLC's ("Lowe's" or "defendant") unopposed motion for leave to file an answer. (Doc. No. 28, Motion ["Mot."].) For the reasons set forth herein, the motion is GRANTED.

## I. BACKGROUND

On June 11, 2018, this case was removed from the Portage County Court of Common Pleas based on diversity jurisdiction. (*See* Doc. No. 1.) Shortly thereafter, on June 28, 2018, Lowe's filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 6.) This Court issued a Memorandum Opinion and Order on March 11, 2019, granting in part, and denying in part, Lowe's motion. (*See* Doc. No. 11.) Two days later, on March 13, 2019, the Court scheduled a case management conference to take place on April 17, 2019. (Doc. No. 12.) Following the case management conference, the case proceeded in accordance with the Court's case management plan and trial order. The parties engaged in discovery and, on December 16, 2019, Lowe's filed a motion for summary judgment. (*See* Doc. No. 23.) That motion is now fully briefed and pending before this Court.

While considering the pending summary judgment motion, the Court noticed that Lowe's failed to answer the complaint following the Court's ruling on Lowe's motion to dismiss. On March 5, 2020, telephonic conference was held between the Court and counsel for both parties to discuss the issue. Lowe's failure to file was undisputedly "due to an oversight by counsel…." (Mot. at 508.[1]) Lowe's filed the instant motion on March 6, 2020 seeking leave, pursuant to Fed. R. Civ. P. 6(b)(1)(B), to file an answer, arguing that his failure to act was due to excusable neglect.

## II. STANDARD OF REVIEW

Under Rule 12, Lowe's was required to file its answer within 14 days after the Court ruled on its motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A). When a party fails to timely file a responsive pleading, the court may, for good cause shown, extend the time to file "on [a] motion made after the time [to file] has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "'Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness.'" *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006) (quoting *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). Whether neglect is excusable is determined using an equitable balance of five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

The Supreme Court has noted, however, that "although mere inadvertence does not usually constitute excusable neglect under rule 6(b), the term is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Morgan*,

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

165 F. App'x at 429 (quoting *Pioneer*, 507 U.S. 392) (internal quotation marks omitted). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the moving party's omission." *Id.* (citation and quotation marks omitted). "In other words, depending on the equities, mere inadvertence may warrant an enlargement of time under Rule 6(b)." *Id.* The Court will now consider each of the five excusable neglect factors in turn.

## III. DISCUSSION

*Danger of Prejudice:* In the particular circumstances of this case, the Court finds little, if any, prejudice to plaintiffs. The parties have thoroughly litigated this case in good faith for well over a year without noticing Lowe's oversight. Indeed, the deficiency was not raised by plaintiff, but by the Court. Further, there is no indication that this case would have proceeded any differently if the answer had been timely filed. In fact, plaintiffs (to their credit[2]) implicitly acknowledge as much by not opposing the instant motion. As such, taking into account the unique circumstances of this case, and the manner in which the matter has been litigated thus far, the lack of prejudice weighs in favor of excusable neglect.

*Length of Delay and Impact on the Proceedings:* Defendant's answer was due almost one year ago, on March 25, 2019. *See* Fed. R. Civ. P. 12 (a)(4)(A) ("[I]f the court denies the motion [to dismiss] … the responsive pleading must be served within 14 days after notice of the court's action…."). But while the length of the delay is great, the impact on the proceedings has been slight. The parties do not need to conduct additional discovery or file any additional motions. Indeed there has been virtually no delay in the progression of this case. Given the conflict between

---

[2] The Court notes that counsel for both parties conducted themselves with great civility and professionalism during the March 5, 2020 status call.

3

the long delay in Lowe's filing, but the slight impact on the proceedings, this factor neither weighs for nor against a finding of excusable neglect.

*Reason for the Delay:* It is undisputed that Lowe's failure to file an answer was due to "an oversight by counsel following the birth of his first child." (Mot. at 508.) Attorney error or inadvertence "will not ordinarily support a finding of excusable neglect…." *Morgan*, 165 F. App'x at 429, *see also Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270, F.3d 1, 5 (1st Cir. 2001) ("[T]he excuse given for the late filing must have the greatest import.") (citations and quotation marks omitted). Because attorney inadvertence or mistake generally does not constitute excusable neglect, this factor weighs against permitting Lowe's requested relief.

*Whether the Delay was Within Lowe's Control:* The delay here was certainly within Lowe's control. Lowe's was required to serve its responsive pleading within 14 days of this Court's ruling on Lowe's motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A). But due entirely to its own inadvertence, Lowe's failed to comply with the filing deadline. This factors also weighs against permitting Lowe's untimely filing.

*Whether Lowe's Aced in Good Faith:* The Court finds that Lowe's acted in good faith. This is not a case where defendant failed to defend such that entry of default would be appropriate. *See Romero v. Barnett*, No. DKC 09-2371, 2011 WL 1938147, at *2 (D. Md. May 20, 2011) (citations omitted). Instead, "defense counsel thoroughly litigated a potentially dispositive motion on behalf of his client[] and simply neglected to file an answer to the complaint thereafter." *Id.* This oversight was not raised by plaintiff, but by the Court, during its March 5, 2020 status call. In fact, during that call, counsel for both parties recognized that this case had been litigated in good faith since its inception. Lowe's counsel has candidly acknowledged his error and has promptly moved to correct it. This factor weighs in favor of excusable neglect.

4

On balance, weighing all excusable neglect factors, the Court finds that Lowe's has established excusable neglect under Fed. R. Civ. P. 6(b)(1)(B). The Court also notes that even if excusable neglect was lacking—which it is not—and plaintiff had moved for an entry of default, Lowe's almost certainly would be entitled to have the default set aside "given [its] facially meritorious defense[s] and the strong policy favoring adjudication on the merits."[3] *Morgan*, 165 F. App'x at 430 (citing *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir 1986)). Because Lowe's failure was the result of excusable neglect—and in light of the strong policy favoring adjucating cases on the merits—the Court finds that equity favors permitting Lowe's requested relief.

## IV. CONCLUSION

For the reasons set forth herein, Lowe's unopposed motion for leave to file an answer (Doc. No. 28) is **granted**. Lowe's shall file its answer, in the same form as the proposed answer appended to the instant motion, on or before March 13, 2020.

**IT IS SO ORDERED**.

Dated: March 11, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] In determining whether to set aside an entry of default pursuant to Rule 55(c) or a default judgment under Rule 60(b) the court considers three factors: (1) whether the plaintiff will be prejudiced, (2) whether defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). "In considering a motion to set aside entry of a judgment by default[,] a district court must apply Rule 60(b) equitably and liberally … to achieve substantial justice." *Id.* (citation and quotation marks omitted). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *Id.*