IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KRYSTAL MOSHOLDER, *et al.*,<br>Plaintiff,<br>vs.<br>LOWE'S COMPANIES, INC., *et al.*,<br>Defendants. | CASE NO.  5:18CV1325<br><br>JUDGE SARA LIOI<br><br>**<u>DEFENDANTS LOWE'S HOME CENTERS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT</u>**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

Now comes Defendant Lowe's Home Centers, LLC ("Lowe's"), improperly identified in the Complaint as "Lowe's Companies, Inc.", by and through undersigned counsel and for its Answer to Plaintiffs Krystal Mosholder and Daniel Mosholder's (collectively "Plaintiffs") Complaint, state as follows:

**<u>FIRST DEFENSE</u>**

1. Lowe's admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Lowe's admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Lowe's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Lowe's denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Lowe's admits that on March 15, 2018, Plaintiff Krystal Mosholder was a business invitee at the Lowe's store in question. Further answering, Lowe's denies that the incident in question took place on March 22, 2018.

6. Lowe's admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Lowe's admits that an unidentified male customer and his dog were present at the store in question on March 15, 2018 at the same time as Plaintiff Krystal Mosholder. Further answering, Lowe's denies that the dog viciously attacked Plaintiff Krystal Mosholder.

8. Lowe's denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. Lowe's denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Lowe's admits the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Lowe's admits the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Lowe's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Lowe's denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. Lowe's restates and reavers Paragraphs 1 through 12 of its Answer as if fully rewritten herein.

15. Lowe's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Lowe's is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Lowe's denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Lowe's restates and reavers Paragraphs 1 through 17 of its Answer as if fully rewritten herein.

19. Lowe's denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Lowe's denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Lowe's denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Lowe's denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Lowe's denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. Lowe's restates and reavers Paragraphs 1 through 23 of its Answer as if fully rewritten herein.

25. Lowe's admits the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. Lowe's denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Lowe's restates and reavers Paragraphs 1 through 26 of its Answer as if fully rewritten herein.

28. Lowe's admits the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Lowe's admits the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Lowe's denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Lowe's denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. Lowe's denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Lowe's denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. Lowe's restates and reavers Paragraphs 1 through 33 of its Answer as if fully rewritten herein.

35. Lowe's denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36. Lowe's denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. Lowe's denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. Lowe's denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

39. Lowe's affirmatively alleges, in the alternative, that it owed no duty to Plaintiffs as a matter of law.

### THIRD DEFENSE

40. Lowe's affirmatively alleges, in the alternative, that any damages allegedly sustained by Plaintiff are barred in whole or in part by her own comparative negligence.

### FOURTH DEFENSE

41. Lowe's affirmatively alleges, in the alternative, that the claims set forth in Plaintiffs' Complaint are barred under the doctrine of superseding and/or intervening cause.

### FIFTH DEFENSE

42. Lowe's affirmatively alleges, in the alternative, that the damages allegedly sustained by Plaintiffs were caused by the acts or omissions of persons and/or entities other than Lowe's, and over whose conduct Lowe's had no control, right to control, responsibility, or reason to anticipate.

### SIXTH DEFENSE

43. Lowe's affirmatively alleges, in the alternative, that Plaintiff's Complaint is barred as Plaintiff assumed the risk, expressly, impliedly, primarily, secondarily, or otherwise incidental to the allegations set forth in Plaintiff's Complaint.

### SEVENTH DEFENSE

44. Lowe's affirmatively alleges, in the alternative, to the extent payments have been made to the Plaintiffs or on Plaintiff's behalf for injuries alleged, such payments must be set off against damages awarded herein.

### EIGHTH DEFENSE

45. Lowe's affirmatively alleges, in the alternative, that Plaintiff's Complaint is barred by the open and obvious doctrine.

### NINTH DEFENSE

46. Lowe's affirmatively alleges, in the alternative, that Plaintiff's Complaint is barred because Lowe's did not create the hazards complained of and/or did not have actual and/or constructive knowledge of the hazards complained of.

### TENTH DEFENSE

47. Lowe's affirmatively alleges, in the alternative, that Plaintiff's damages, if any, are limited by the provisions of Ohio Revised Code §2315.21, as upheld by *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468 (2007).

### ELEVENTH DEFENSE

48. Lowe's affirmatively alleges, in the alternative, that they are entitled to all protections, damage set-offs, limitation of damages, to apportion liability to co-defendants and unnamed parties, and/or apportionment of damages available by statute including, but not limited to, those available under Chapter 23 of the Ohio Revised Code, R.C. §§2323.41, 2323.43, 2307.28, 2307.22, 2307.23, and codified sections of S.B. 120, S.B. 179, and S.B. 281.

### TWELFTH DEFENSE

49. Lowe's respectfully reserves the right to amend its Answer to Plaintiff's Complaint to add such additional affirmative defenses, cross-claims, counterclaims, and/or third-party complaints as may be disclosed during the course of discovery in the captioned matter.

WHEREFORE, Lowe's prays this Court dismiss Plaintiffs' Complaint with prejudice, retain jurisdiction to decide any motion for sanctions that may be filed, and award Lowe's its costs, fees, attorney's fees and such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Nicholas P. Resetar*
Nicholas P. Resetar (0086507)
nresetar@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577
**ATTORNEYS FOR DEFENDANT LOWE'S HOME CENTERS, LLC**

## JURY DEMAND

Lowe's demands a trial by jury of the maximum number of jurors permitted by law on all issues so triable.

<i>/s/ Nicholas P. Resetar</i><br>
Nicholas P. Resetar

**PROOF OF SERVICE**

A copy of the foregoing was served on this 11th day of March, 2020 electronically by way of the Clerk's electronic filing system.

/s/ Nicholas P. Resetar

14806840 _1  135455.0038