# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KRYSTAL MOSHOLDER, et al., | CASE NO. 5:18-cv-1325 |
| PLAINTIFFS, | JUDGE SARA LIOI |
| vs. | |
| | **MEMORANDUM OPINION AND ORDER** |
| LOWE'S HOME CENTERS, LLC *originally named as* Lowe's Companies, Inc., | |
| DEFENDANTS. | |

Before the Court is the motion for summary judgment of defendant, Lowe's Home Centers, LLC ("Lowe's" or "defendant"). (Doc. No. 23, Motion ["Mot."].) Plaintiffs, Krystal Mosholder ("Krystal") and her husband Daniel Mosholder ("Daniel") (collectively the "Mosholders" or "plaintiffs"), filed a response in opposition (Doc. No. 25, Opposition ["Opp'n"]) and defendant replied. (Doc. No. 26, Reply ["Reply"].) The motion is now ripe for a decision.

## I.  BACKGROUND

This premises liability action, based upon diversity jurisdiction, arises out of a dog bite incident that occurred at a Lowe's store located at 218 Nicholas Way, Kent, Ohio 44240 (the "Store"). (*See* Doc. No. 21-2 (Deposition of Stacie Williams ["Williams Dep."]) at 229[1].) Lowe's has a policy that allows patrons to bring their pets with them into its retail stores so long as the pets are leashed and friendly. (Doc No. 25-3 (Deposition of Cameron Childers ["Childers Dep."]) at 467.) Krystal was aware of this policy, both because she observed a "pet friendly" sticker on the Store's front door and because she visits Lowe's often to purchase supplies for her business. (Doc.

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

No. 21-1 (Deposition of Krystal Mosholder ["Krystal Dep."]) at 208.) In fact, for the past four years, she visited the Store five to six times per week. (*Id.*)

On March 15, 2018,[2] Krystal went to the Store to purchase supplies—including lumber, cast iron bars, and spray paint. (*Id.* at 210.) Krystal gathered her lumber first and left her shopping cart in that section while she walked to the other side of the Store to get spray paint. (*Id.*) When Krystal arrived at the paint aisle, she noticed a leashed dog, and its owner ("Jane Doe 1")[3] "standing right by the spray paint…." (*Id.*) She had seen Jane Doe 1 and the dog earlier that day on the other side of the Store. (*Id.*) As she entered the aisle, Krystal noticed a Lowe's employee, Stacie Williams ("Williams"), affectionately petting the dog, "right by where [Krystal] need[ed] to go." (*Id.*) As Krystal walked by, the dog "turned its head" (*id.*) as if to smell her. (Williams Dep. at 233.) In response, Krystal said "oh, do you smell my puppies" (*id.* at 231) and "tried to … brush the top of [the dog's] head or nose," and "that's when it lunged at [Krystal] and [bit her] leg." (Krystal Dep. at 210.)

Despite her close proximity at the time of the incident, Williams did not witness the dog bite Krystal's leg. (Williams Dep. at 233.) And it is unclear whether Jane Doe 1 saw the attack. (Krystal Dep. at 210.) It is undisputed, however, that Krystal left the paint aisle immediately following the incident, she continued shopping (*id.*), and, ultimately, left the Store without reporting the attack to anyone. (Doc. No 23-3 (plaintiffs' responses to first set of requests for admission ["RFA"]) at 308.) It was not until she arrived home and removed her jeans that Krystal realized that the dog had bitten through her pants and punctured her skin. (Krystal Dep. at 211–

---

[2] While the complaint indicates that the incident took place on or about March 22, 2018 (*see* Compl. ¶ 5), both Krystal's deposition testimony and plaintiffs' opposition brief confirm the incident actually took place on March 15, 2018. (*See* Krystal Dep. at 208; *see also* Opp'n at 440.)

[3] In their complaint, the Mosholders describe the dog owner as a female. (*See* Compl. ¶ 7, "Defendant Jane Doe #1 and her dog….") However, during her deposition, Krystal described the dog owner as a male. (Krystal Dep. at 210.) For purposes of consistency, the Court will refer to the dog owner using female pronouns.

2

12.) Upon this realization, Daniel called the Store[4] and notified a Lowe's manager about the incident. (Williams Dep. at 234.) The manager, after learning that Williams was present during the incident, instructed her to write an incident report. (*Id.*) In her report, Williams documented her recollection of the event and posited that, in her previous encounters with the dog, it showed "no sign of aggression and … [had] always been friendly and happy…." (Doc. No. 23-2 at 301.) Prior to this incident, Jane Doe 1 and her dog had been somewhat frequent customers at the Store (Williams Dep. at 232), but Jane Doe 1's identity remains unknown to both Krystal and Lowe's. Thus, plaintiffs brought suit against Lowe's, Jane Doe 1, and Jane Does 2–10.[5]

In the complaint, Krystal asserted claims for: (1) strict liability pursuant to Ohio Rev. Code § 955.28(B) against all defendants, (2) negligence against all defendants, (3) premises liability against Lowe's and Jane Does 2–10, and (4) bad faith against Lowe's. Daniel also brought a loss of consortium claim against all defendants. However, this Court previously dismissed all but two claims against Lowe's. (*See* Doc. No. 11 at 134.) The only remaining claims against Lowe's are Krystal's premises liability claim and Daniel's loss of consortium claim. For the reasons stated below, the Court grants Lowe's motion for summary judgment and the claims against the Jane Doe defendants are dismissed.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(a), when a motion for summary judgment is properly made and supported, it shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts

---

[4] Krystal claims that she called Lowe's first but "they weren't very helpful," which prompted Daniel to call. (Krystal Dep. at 212.)

[5] Jane Does 2–10 are described as "either … owners of the dog in question in this [c]omplaint and /or are owners, lessors, lessees or otherwise operators of the real property at which [the Store] is located." (Compl. ¶ 4.)

3

of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943–44 (6th Cir. 1990), *impliedly overruled on other grounds by Salve Regina Coll. v. Russell*, 499 U.S. 225, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Determining whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict[.]" *Id*. at 252.

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co*., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cty. Bd. of Educ*., 330 F.3d 888, 892 (6th Cir. 2003); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (noting that summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an essential element of that party's case and on which that party will bear the burden of proof at trial). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. Nat'l*

*Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quotation marks and citation omitted). Rule 56 further provides that "[t]he court need consider only" the materials cited in the parties' briefs. Fed. R. Civ. P. 56(c)(3); s*ee also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989) ("The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.") (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).

Under this standard, the mere existence of some factual dispute will not frustrate an otherwise proper summary judgment motion. *Dunigan v. Noble*, 390 F.3d 486, 491 (6th Cir. 2004) (citing *Anderson*, 477 U.S. at 247–48) (quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248 (citation omitted).

Because the Court is sitting in diversity, Ohio substantive law applies. *See, e.g., Reid v. Volkswagen of Am., Inc.*, 575 F.2d 1175, 1176 (6th Cir. 1978) (per curium) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).

## III. DISCUSSION

### A. Premises Liability Against Lowe's

Lowe's is entitled to summary judgment on Krystal's premises liability claim. Under Ohio law, in order to establish a negligence claim, the party seeking recovery "must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." *Strother v. Hutchinson*, 423 N.E.2d 467, 469 (Ohio 1981) (citing *Feldman v. Howard*, 226 N.E.2d 564, 567 (Ohio 1967)). A plaintiff's status on a defendant's premises—as a trespasser, licensee, social guest, or invitee—determines the scope of the legal duty owed. *Pelland v. Wal-Mart Stores, Inc.*, 282 F. Supp. 3d 1019, 1023 (N.D Ohio 2017) (citing *Shump v. First Cont'l-Robinwood Assocs.*, 644 N.E.2d 291, 294 (Ohio 1994)). As defined by Ohio law, a business invitee is a person who is on the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner. *Light v. Ohio Univ.*, 502 N.E.2d 611, 613 (Ohio 1986); *Mota v. Gruszczynski*, 968 N.E.2d 631, 636 (Ohio Ct. App. 2012) ("Invitees are persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner.") (citation and quotation marks omitted).

Neither party disputes that Krystal was a business invitee and, as such, Lowe's owed her a duty to exercise ordinary care and to maintain the premises in a safe condition. (*See* Mot. at 217; Opp'n at 443.) The parties disagree, however, on which negligence element controls the disposition of the present motion. Lowe's primarily focuses on duty, arguing that the dog was an open and obvious danger and, as such, it had no duty to warn of such a danger. For her part, Krystal focuses primarily on the breach element, arguing that Lowe's breached its duty by allowing pets in their stores.[6] (Opp'n at 443–45.) The Court will address both elements in turn.

---

[6] In their complaint, plaintiffs also assert that Lowe's breached its duty by "failing to require proper restraints upon

6

### i. Duty

"A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 480 N.E.2d 474, 475 (Ohio 1985) (citing *Campbell v. Hughes Provision Co.*, 90 N.E.2d 694, 695 (Ohio 1950)). "A shopkeeper is not, however, an insurer of a customer's safety." *Id.* Further, "a premises-owner owes no duty to persons entering [the] premises regarding dangers that are open and obvious." *Armstrong v. Best Buy Co.*, 788 N.E.2d 1088, 1089 (Ohio 2003) (citing *Sidle v. Humphrey*, 233 N.E.2d 589, ¶ 1 syllabus (Ohio 1968)). Instead, these dangers "serve as their own warning…." *Kintner v. ALDI, Inc.*, 494 F. Supp. 2d 811, 815 (S.D. Ohio 2007) (citing *Armstrong*, 788 N.E.2d at 1089). Businesses may assume that "'persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'" *McGuire v. Sears, Roebuck & Co.*, 693 N.E.2d 807, 809 (Ohio Ct. App. 1996) (quoting *Simmers v. Bentley Constr. Co.*, 597 N.E.2d 504, 506 (Ohio 1992) (further citation omitted)).

"In cases involving an open and obvious danger, '[i]t is only where it is shown that the owner had superior knowledge of the particular danger which caused the injury that liability attaches, because in such a case the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate.'" *Smrtka v. Boote*, 88 N.E.3d 465, 470 (Ohio Ct. App. 2017) (alternation in original) (quoting *LaCourse v. Fleitz*, 503 N.E.2d 159, 160–61 (1986)). "The open and obvious doctrine is a complete bar to any negligence claim." *Id.* at 470 (citing *Armstrong*, 788

---

the dog in question while the dog was present at [the Store]." (Compl. ¶ 30.) Neither party addresses this failure-to-restrain claim in their briefing on the instant motion. But the undisputed evidence shows that Lowe's requires all dogs in their stores to be leashed and that the dog that bit Krystal was, in fact, leashed at the time of the incident. (Childers Dep. at 467; Williams Dep. at 232; Krystal Dep. at 210; RFA at 307; Mot. at 268–70.) The Court finds that Lowe's did not breach its duty to Krystal on the basis of inadequate restraint and Lowe's is entitled to summary judgment on that claim.

N.E.2d at 1090). Said another way, the open and obvious danger doctrine concerns the threshold question of whether a duty exists. *See id.*

Lowe's correctly asserts that, in Ohio, a dog "in and of itself can be an open and obvious condition." (Mot. at 272.) In *Smrtka*—a case with strikingly similar facts as the case *sub judice*—the plaintiff, Philip Smrtka ("Smrtka"), was bitten by a dog in the waiting room of a chiropractor's office. As he was leaving the chiropractor's officer, Smrtka observed a dog (that was also a patient) sitting between his owner's legs and wearing a leash. *Smrtka*, 88 N.E.3d at 470. Smrtka had heard rumors about the dog being a chiropractic patient and assumed "he's got to be a cool dog…." *Id.* Based on that assumption, "he attempted to pet [the dog's] chin, and was bit on the hand." *Id.* at 468. He then sued the chiropractor for "allowing [a dog] in the office." *Id.* at 470. In affirming the trial court's grant of summary judgment, the appellate court held that the dog "was an open and obvious danger to Mr. Smrtka. Whether [the dog] was properly on the premises does not change that fact. Mr. Smrtka's claims that [the chiropractor] had a duty to keep [the dog] off the premises are negated by the open and obvious doctrine." *Id.* at 471.

Despite its strong factual similarities with the instant case, plaintiffs do not even attempt to distinguish *Smrtka*—the case is conspicuously absent from their response brief. Plaintiffs' only argument related to the open and obvious doctrine is that "the question of whether something is open and obvious cannot always be decided" during summary judgment.[7] (*See* Opp'n at 447, citing *Collins v. McDonald's Corp.*, No. 83282, 2004 WL 1752913, at ¶ 12 (Ohio Ct. App. Aug. 5, 2004)). But the cases plaintiffs rely upon are inapposite. In those cases, "reasonable minds could differ as to whether the [alleged dangerous condition] was open and obvious." *Collins*, 2004 WL

---

[7] Contrary to plaintiffs' assertion, it is appropriate to decide the open and obvious nature of a hazard on summary judgment, "provided there are no genuine issues of material fact." *Martin v. Giant Eagle, Inc.*, No. 13AP-809, 2014 WL 2809258, at *5 (Ohio Ct. App. June 19, 2014) (citation omitted); *see Parsons v. Lawson Co.*, 566 N.E.2d 698, 700 (Ohio Ct. App. 1989) ("[W]here the hazard is not hidden from view or concealed and is discoverable by ordinary inspection, the court may properly sustain a summary judgment against the claimant.").

1752913, at ¶ 16 (holding that there was an issue of fact whether a hole in a sidewalk was an open and obvious danger); *Kinter*, 494 F. Supp. 2d at 816–17 (finding that an employee's deposition testimony stating it was "understandable that a customer" might not notice an ankle-high pallet created an issue of fact as to whether the danger was open and obvious); *Chilcutt v. Ford Motor Co.*, 662 F. Supp. 2d 967, 974 (S.D. Ohio 2009) (holding that the parties' disagreement over the existence of a warning sign created an issue of material fact); *Frano v. Red Robin Int'l, Inc.*, 907 N.E.2d 796, 800 (Ohio Ct. App. 2009).[8]

Here, there can be no doubt that the danger was open and obvious. The undisputed facts show that Krystal was aware of Lowe's pet policy and she had seen dogs in the Store prior to March 15, 2018. (Krystal Dep. at 208–09.) Indeed, it was common for Krystal to see dogs in the Store. (*Id.* at 209.) Krystal observed Jane Doe 1 and her dog in the Store earlier that day. (*Id.* at 210.) Upon seeing the dog in the paint aisle—and knowing that unfamiliar dogs can behave unpredictably (*id.*)—Krystal approached and tried to "brush the top of [the dog's] head or nose…." (*Id.*) Given this, there is no doubt the dog was an open and obvious danger. *See Smrtka*, 88 N.E.3d at 471; *see also Dynowski v. Solon*, 917 N.E.2d 286, 291 (Ohio Ct. App. 2009) ("Invitees … have a duty in that they are expected to take reasonable precautions to avoid dangers that are patent or obvious."). Having established that the dog was an open and obvious danger, the Court will now turn to whether Lowe's had superior knowledge of the dog's dangerous proclivity.

In cases involving an open and obvious danger, it is only where the premises owner had superior knowledge of the particular danger that liability attaches. *Smrtka*, 88 N.E.3d at 470. Here, there is no evidence that Lowe's possessed superior knowledge that the dog presented any danger

---

[8] Plaintiffs cite the latter case for the proposition that "the question of whether something is open and obvious cannot always be decided as a matter of law simply because it may have been visible." (Opp'n at 447.) But in *Frano*, the court upheld the trial court's grant of summary judgment because the undisputed facts showed that the step at issue was an open and obvious hazard.

9

to other patrons. Williams—who had observed and interacted with this particular dog on several prior occasions—testified that the dog had been to the Store "at least five or six" times prior to the incident and she never witnessed the dog exhibit anger or aggression in any way. (Williams Dep. at 232.) Because of the dog's playful demeanor, Williams allowed her own children to pet the dog on previous occasions. (*Id.*) In fact, Williams was "bent down" affectionately petting the dog immediately prior to the incident. (Krystal Dep. at 210.) Further, Lowe's manager, Cameron Childers, is unaware of any other dog-bite incidents at Lowes's involving this, or any other dogs. (Childers Dep. at 467.) And surveillance footage shows numerous Lowe's employees petting and interacting with the dog—unlikely occurrences if the employees had prior knowledge of the dog's dangerous tendencies. (*See* Mot. at 268–70.) There is simply no evidence that Lowe's possessed any knowledge, much less superior knowledge, of the particular danger posed by the dog.

Plaintiffs' only argument related to Lowe's knowledge is that there "is evidence this dog wasn't friendly" because "[t]he viciousness of this dog could be determined by the actions of that dog [on the day of the incident]." (Opp'n 450.) And, according to plaintiffs, "Lowe's has to be charged with this knowledge because … [Lowe's] allow[s] pets in their stores." (*Id.*) This argument is both circular and contrary to the law regarding imputation of knowledge. It is axiomatic that a party cannot have knowledge of an animal's dangerous proclivity before the animal exhibits such a proclivity. There are simply no facts in the record to indicate that Lowe's possessed *prior* knowledge of the dog's "disposition, propensity to bite people, or any other particular danger posed by [the dog]." *Smrtka*, 88 N.E.3d at 417 (citing *Croley v. Moon Ent., Inc.*, 770 N.E.2d 148 (Lucas Ct. Com. Pl. Sept. 19, 2001) (holding that premises owner was not liable to business invitee because it had no superior knowledge that the dog was a danger).

Because Lowe's did not have superior knowledge of this open and obvious danger, it did not have a duty to warn Krystal about the dog[9] and, thus, her premises liability claim must fail.[10] *See Frano*, 907 N.E.2d at 800 ("'The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability.'") (quoting *Adelman v. Timman*, 690 N.E.2d 1332, 1335 (Ohio Ct. App. 1997)); *see also Dynowski*, 917 N.E.2d at 292 ("Ohio courts consistently bar negligence claims where the allegedly dangerous condition is observable.") (citations omitted).

### ii. Breach

Having already determined that Lowe's did not have a duty to warn Krystal about the open and obvious dangers posed by the dog, Krystal cannot satisfy the elements of a premises liability claim. Nonetheless, the Court will address the Mosholders' argument related to Lowe's pet policy. Their argument is not clearly articulated, but they appear to contend that, by simply allowing pets on the premises, Lowe's breached its duty to Krystal.

The Mosholders assert that Lowe's pet policy "create[s] an unsafe environment" requiring patrons "to keep their head[s] on the proverbial swivel while they navigate the labyrinth and minefield of other patron's [sic] animals…." (Opp'n at 450.) Notwithstanding the fact that Krystal successfully navigated this supposed "labyrinth" nearly every day for four years[11] (Krystal Dep. at 208), she does not cite a single case for the proposition that allowing pets on commercial

---

[9] Though neither party addresses the duty to warn, it is undisputed that Lowe's posted, on the Store's front door, a copy of its pet policy that notified patrons the Store is "pet friendly." (*See* Krystal Dep. at 208–09; RFA at 305.)

[10] Lowe's also asserts the defenses of express and implied assumption of the risk. (*See* Mot. at 274–75.) Having already found that Lowe's did not have a duty to warn against open and obvious dangers, the Court need not consider these alternative defenses.

[11] Krystal claims she visited the store "[f]ive to six times per week" for four years. (Krystal Dep. 208). Thus, Krystal successfully navigated this alleged "minefield" approximately 1,040 times prior to the day of the incident.

property is, itself, a negligent act. Indeed, this Court has been unsuccessful in finding support for such a proposition.

To the contrary, other courts examining this issue have explicitly held that retailers' animal-friendly policies are not inherently dangerous and do not, without more, constitute a breach of a duty of ordinary care. *See D.C. ex rel. Christian v. Petco Animal Supplies Stores, Inc.*, No. 1670/06, 2007 WL 2116499, at * 2–3 (N.Y. Sup. Ct. July 16, 2007) (holding that Petco's "policy to allow customers to bring their pets into its retail establishments" was "not inherently dangerous"); *Braese v. Stinker Stores, Inc.*, 337 P.3d 602, 604–05 (Idaho 2014) (holding that convenience store's policy allowing customers to bring their dogs into the store did not create an unreasonable risk of harm to other patrons and, further, the store had no duty to protect other patrons from leashed dogs); *McCutchin ex rel. McCutchin v. Banning*, No. 08C-01-027(RBY), 2010 WL 23712, at *3 (Del. Super. Ct. Jan. 5, 2010) ("Co-defendant argued … [that] since PetSmart encourages pets to enter [their stores], and since 'everyone knows' that, if provoked, any dog is apt to bite, an essentially strict liability circumstance ought to be in effect." In granting summary judgment in PetSmart's favor, the court noted "[t]here is no law, or in this Court's view, good reason, supporting such an argument.").

Most importantly, the Ohio Ninth District's decision in *Smrtka* cautions against this Court adopting the Mosholders' pet-policy argument—which, if accepted, would constitute a substantial deviation from Ohio's premises liability law. *See Express Packaging of OH, Inc. v. Am. States Ins. Co.*, 800 F. Supp. 2d 886, 890 (N.D. Ohio 2011) ("[F]ederal diversity court[s] must follow the decisions of the state's highest court … [i]f the state's highest court has not directly addressed that issue, the federal diversity court must anticipate how the relevant state court would act. Decisions from intermediate state appellate courts are viewed as persuasive…."); *Berrington v. Wal-Mart*

*Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012) ("Federal courts should be extremely cautious about adopting substantive innovation in state law.") (citation and quotation marks omitted).

For these reasons, the Court finds that the Mosholders' claim that Lowe's breached its duty to Krystal by simply allowing pets on the premises is without merit. *See Smrtka*, 11 N.E.3d at 471 (rejecting plaintiff's "claims that [premises owner] had a duty to keep [pets] off the premises").

### B. Loss of Consortium

Daniel alleges a loss of consortium claim as a result of the alleged actions of Lowe's causing injury to his wife. In Ohio, "[a] loss of consortium claim is a derivative cause of action dependent upon the existence of a primary cause of action." *Miller v. City of Xenia*, No. 2001 CA 83, 2002 WL 441386, at *3 (Ohio Ct. App. Mar. 22, 2002) (citing *Messmore v. Monarch Mach. Tool Co.*, 463 N.E.2d 108 (Ohio Ct. App. 1983). Because the Court finds that the primary cause of action—premises liability—fails to survive the motion for summary judgment, Daniel's loss of consortium claims fails as a matter of law. *See id.*

### C. Claims Against the Jane Doe Defendants

While this case has, to this point, been litigated exclusively between the Mosholders and Lowe's, plaintiffs also bring claims against "Jane Does 1–10." (*See* Compl. at 4.) In the complaint, the Mosholders assert that "Doe #1 is the owner, keeper[,] or care taker of [dog]" and "Jane Does numbers 2 through 10 are either also owners of the dog in question … and/or are owners, lessors, lessees or otherwise operators of the real property at which the … Lowe's store is located." (Compl. at ¶¶ 3, 4.) But discovery is now closed and the Mosholders have not identified or served any Jane Doe defendants.

"In general, the use of unnamed defendants is not favored in the federal courts." *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1093 (W.D. Mich. 2001) (citation omitted), *overruled on other grounds by Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 112 S. Ct. 1640, 152

13

L. Ed. 2d 806 (2002). Simply naming a person, using a fictitious title, in a lawsuit does not make that person a party and does not prevent the entry of a final judgment. *Id.* (citing *Nagle v. Lee*, 807 F.2d 435, 440 (5th Cir. 1987)). The Mosholders have had adequate opportunity to identify the Jane Doe defendants and have failed to do so. Thus, the unnamed defendants are dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth herein, defendant's motion for summary judgment (Doc. No. 23) is **granted**, all claims against the Jane Doe defendants are dismissed without prejudice, and this case is **dismissed**.

**IT IS SO ORDERED**.

Dated: March 16, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**